UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SANDRA I., <br><br>                Plaintiff, <br><br>       v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                Defendant. | Case No. C24-5125-MLP <br><br> ORDER |

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits.[1] Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating the medical evidence, her testimony, and lay witness statements, resulting in an erroneous residual functional capacity ("RFC") assessment. (Dkt. # 16.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 5.)

ORDER - 1

## II. BACKGROUND

Plaintiff was born in 1988, has a high school education, and has past relevant work as a cashier, home attendant, nurse assistant, and hostess. AR at 967. Plaintiff has not engaged in substantial gainful activity since her alleged onset date. *Id.* at 955.

In November 2018 and August 2019, Plaintiff applied for benefits, alleging disability as of June 2017. AR at 952. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted hearings in October 2020 and February 2021, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 16-38. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. On remand, based on the parties' stipulation, this Court reversed the ALJ's decision and remanded the case for further proceedings. AR at 1037-39. After the ALJ conducted a hearing in August 2023, the ALJ again issued a decision finding Plaintiff not disabled. *Id.* at 949-77.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the severe impairments of depressive disorder, bipolar disorder, anxiety disorder, and posttraumatic stress disorder. AR at 956. The ALJ also determined that Plaintiff could perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform simple repetitive tasks; she can work superficially and occasionally with the general public; she can work in the same room as coworkers but not in coordination with them; she can interact occasionally with supervisors; and she can adapt to simple, occasional workplace changes. *Id.* at 960. Plaintiff's appeal followed. (Dkt. # 8.)

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER - 2

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A.    The ALJ Did Not Err in Evaluating Medical Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

ORDER - 3

      *1.*  *Kellya Campbell, ARNP*

In August 2020, ARNP Campbell—citing interviews and diagnoses—opined that Plaintiff's emotional instability, lack of trust, and difficulty mobilizing resources prevented her from working more than ten hours per week. AR at 589-91. The ALJ rejected this opinion, finding it unpersuasive due to its conclusory nature, the absence of evidence indicating that Plaintiff's daily activities had been reviewed, and because it was a checkbox form completed for a different program. *Id.* at 966. The ALJ also questioned ARNP Campbell's treating relationship with Plaintiff. *Id.*

Plaintiff asserts that the ALJ overlooked ARNP Campbell's longstanding treatment relationship and that her opinion was consistent with her clinical observations. (Dkt. # 16 at 5-6.) The Commissioner acknowledges that the ALJ erred in discounting ARNP Campbell's role as Plaintiff's psychiatric nurse, but contends this error was harmless. (Dkt. # 18 at 12.) The Commissioner argues that the ALJ properly considered ARNP Campbell's opinion in light of its supportability and consistency, and adequately discussed her clinical observations when evaluating Plaintiff's testimony. (*Id.*) The Court agrees.

The ALJ cited ample evidence contradicting ARNP Campbell's assessment of severely limiting mental health symptoms. AR at 962, 965-66. An ALJ may weigh the quality of a medical opinion's explanation and reject it when contradicted by objective evidence in the medical record. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Records consistently demonstrated that Plaintiff was cooperative, engaged, and appropriate; had a normal mood and affect and was not in acute distress; was fully alert and oriented, with logical, goal-directed thoughts, normal and fluent speech, and no signs of psychosis, hallucinations, delusions, or suicidal ideation; exhibited normal insight, judgment, memory, attention, and concentration;

improved with treatment; and engaged in various activities such as driving, caring for her three children, and attending college classes. AR at 962, 965-66.[3] The ALJ reasonably concluded that this evidence was inconsistent with ARNP Campbell's vague opinion that Plaintiff's mental symptoms precluded her from working more than ten hours per week. *Id.* at 966.

Plaintiff further contends that ARNP Campbell's opinion was supported by her longitudinal observations and consistent with the broader record. (Dkt. #16 at 2-6.) This argument is unpersuasive. The ALJ acknowledged Plaintiff's severe mental impairments and considered her depression, anxiety, irritability, and other emotional difficulties, but determined that her functional limitations were not as severe as ARNP Campbell had opined. *See Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) (ALJs are tasked with independently reviewing and forming conclusions about medical evidence). Plaintiff's broad summary of clinical notes does not effectively challenge the ALJ's reasoning in this regard. *See Thomas*, 278 F.3d at 954.

Finally, Plaintiff argues that the form being completed for another program is irrelevant and that medical opinions should be evaluated on their merit, not on the program for which they were prepared (Dkt. #16 at 6.) Although the ALJ referenced the program type, the focus remained on records showing consistent normal functioning in multiple areas, which Plaintiff does not dispute. AR at 966. Even if the ALJ's reasoning could have been more precise, any error was harmless because "the agency's path may reasonably be discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

---

[3] Citing *e.g.*, *id.* at 375, 378, 385, 391, 397, 400, 404, 407-08, 410-11, 414, 417-18, 420, 423, 426, 429, 432-33, 436, 439-40, 468-69, 475-76, 482, 487, 490-91, 494, 497-98, 500-01, 504, 507-08, 510-11, 513-14, 516-17, 519, 523, 526, 529, 532, 536, 540-01, 544, 547, 550, 553, 556, 565-66, 569, 572-73, 575-76, 579, 582-83, 735-36, 743, 746-47, 750, 753-54, 756-57, 760, 763-64, 766-67, 1307-08, 1311, 1314, 1317, 1320, 1323, 1329, 1332, 1345, 1348-49, 1352, 1355-56, 1362, 1365-66, 1369, 1372, 1375, 1378-79, 1381-82, 1384-85, 1392, 1395, 1398, 1404, 1429, 1432-33, 1435-36, 1439, 1445-46, 1448-49, 1451-52, 1460.

       2.       *Richard Borton, Ph.D.*

In September 2019, Dr. Borton opined that while Plaintiff's persistence might decrease during periods of psychiatric symptoms, those symptoms would not prevent her from maintaining a regular workweek. AR at 107-08. The ALJ found Dr. Borton's opinion persuasive because it aligned with Plaintiff's presentation during medical appointments, her improvement with treatment, her denials of significant symptoms, and her documented daily activities and social functioning. *Id.* at 965-66.

Plaintiff argues, without elaboration, that the ALJ failed to fully consider Dr. Borton's observation that her persistence would decrease and erred in crediting his conclusion that she could still sustain a normal workweek. (Dkt. # 16 at 6.) However, determining how medical findings translate into a succinct RFC is the Commissioner's responsibility, not that of the medical provider. *See Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (an RFC may track a medical opinion without fully incorporating it). Here, the ALJ properly considered Dr. Borton's opinion, found it persuasive and consistent with the objective medical evidence, and reasonably limited Plaintiff to simple work with no more than occasional interactions and changes. AR at 966. Plaintiff's conclusory assertion of error, without more, is insufficient to demonstrate harmful error in the ALJ's conclusion. *See Molina*, 674 F.3d at 1111.

       3.       *Jake Kim, LICSW*

In July 2023, LICSW Kim reported that Plaintiff had no significant functional limitations, except for mild limitations in traveling to unfamiliar places.[4] AR at 1533-37. The ALJ found

---

[4] Plaintiff, the Commissioner, and the ALJ refer to LICS**M** Kim. AR at 966; (dkt. # 16 at 7); (dkt. # 18 at 2) (emphasis added). However, the Court uses LICS**W** Kim because that is his title. AR at 1537 (emphasis added).

LICSW Kim's opinion generally persuasive, noting that he had the most detailed, longitudinal view of Plaintiff's impairments. *Id.* at 966. The ALJ also found his assessment consistent with the overall medical record. *Id.* However, the ALJ gave more weight to Dr. Borton's more restrictive assessment, limiting Plaintiff to simple, routine tasks with no more than occasional changes in the workplace, no more than superficial and occasional interaction with the public, and occasional interaction with coworkers and supervisors. *Id.*

Plaintiff argues that the ALJ sent mixed signals by finding LICSW Kim's opinion both "generally persuasive" and "unpersuasive." (Dkt. # 16 at 7.) The ALJ concluded that LICSW Kim's opinion was persuasive as to generally mild limitations, but—based on Plaintiff's statements about difficulties handling stress and interacting with people—gave more weight to Dr. Borton's assessment supporting limitations to simple tasks, limited changes, and only occasional interaction. *Id.* Plaintiff's challenge fails to articulate an error in this regard. *See Farlow*, 53 F.4th at 488.

Plaintiff further contends that LICSW Kim's checkbox opinion was inconsistent with the record and lacked support. (Dkt. # 16 at 7.) However, even if an opinion is unsupported, an ALJ may properly find it persuasive because it is consistent with the overall record. *See Woods*, 32 F.4th at 793 n.4; *see also Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (the fact that a medical opinion is provided in a checkbox form provides no reason to reject it). Here, ARNP Campbell referenced LICSW Kim as the professional responsible for overseeing Plaintiff's ongoing treatment. AR at 590. The ALJ reasonably considered LICSW Kim's treating relationship and found his assessment consistent with medical evidence showing that Plaintiff's impairments improved with treatment and did not significantly interfere with her daily

ORDER - 7

functioning. *Id.* at 966 (citing *id.* at 267, 274-81, 301, 332, 337, 343-47, 608, 615, 622-23, 626, 629, 638, 985-1006, 1374, 1391).

Although Plaintiff suggests that a reasonable ALJ could have arrived at a different conclusion, simply averring that an alternative interpretation is possible does not establish harmful error. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred). The ALJ properly evaluated the medical opinions for support and consistency, and Plaintiff's arguments fail to show harmful error in the ALJ's reasoning or highlight any evidence that would undermine the ALJ's decision. Even assuming the evidence has more than one reasonable interpretation, the Court is required to uphold the ALJ's decision. *Thomas*, 278 F.3d at 954.

**B.      The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

The ALJ found Plaintiff's testimony unpersuasive, citing inconsistencies with the record. AR at 960-65. Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which testimony is not credible and which evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, an ALJ is not required to believe every claim, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), nor to analyze a claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff asserts that the ALJ erred in evaluating her testimony because the ALJ did not properly evaluate the medical evidence, particularly ARNP Campbell's opinion. (Dkt. # 16 at 7.)

|   |   |
|---|---|
| 1 | This argument is unavailing. As previously discussed, the ALJ did not err in evaluating the |
| 2 | medical opinions. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). |
| 3 | Next, Plaintiff argues that the ALJ made generic, conclusory findings without citing |
| 4 | evidence that contradicted her testimony regarding chronic, incapacitating mental symptoms. |
| 5 | (Dkt. # 16 at 8.) This argument is unpersuasive. The Ninth Circuit has consistently held that an |
| 6 | ALJ may weigh objective medical evidence against testimony it contradicts. *See*, *e.g.*, *Smartt*, 53 |
| 7 | F.4th at 498; *Shaibi*, 870 F.3d at 879-80; *Thomas*, 278 F.3d at 959. Contrary to Plaintiff's claims |
| 8 | of severe mental symptoms, the ALJ referenced multiple records documenting benign psychiatric |
| 9 | observations, normal cognitive functioning, improvement with treatment, and Plaintiff's ability |
| 10 | to carry out daily activities. AR at 960-65 (citing generally *id.* at 262-71, 274-81, 300-08, |
| 11 | 332-37, 343-47, 369-538, 540-58, 565-87, 594-733, 735-921, 1259-1410, 1427-70). These |
| 12 | findings are reasonable and remain unchallenged. Accordingly, Plaintiff's mere disagreement |
| 13 | with the ALJ's conclusion fails to demonstrate harmful error. *See Molina*, 674 F.3d at 1111. |
| 14 | Plaintiff further contends that her daily activities neither contradict her testimony nor |
| 15 | indicate an ability to sustain full-time work. (Dkt. # 16 at 8-9.) The ALJ found that Plaintiff's |
| 16 | claims of debilitating mental impairments were inconsistent with her ability to engage in various |
| 17 | activities, including caring for herself and three young children, preparing meals, performing |
| 18 | household chores, shopping, managing finances, driving, attending group therapy, taking college |
| 19 | courses, working as an intern, and earning a bachelor's degree. AR at 963-64. The ALJ also |
| 20 | pointed out that Plaintiff's unrestricted ability to drive contradicted her testimony about severe |
| 21 | mental anxiety, panic attacks, confusion, hypervigilance, and paranoia. *Id.* Additionally, her |
| 22 | attendance at school and her management of childcare, including caring for an infant, as well as |
| 23 | her decision not to seek work in social services, further undermined her claims of total |

ORDER - 9

debilitation. *Id.* These examples sufficiently contradict Plaintiff's allegations of severe limitations. Even if the evidence could support a different interpretation, the ALJ's findings were reasonable and must be upheld. *See, e.g., Farlow*, 53 F.4th at 489 (discrepancies between daily activities and testimony can support discounting claims of total incapacity); *Molina*, 674 F.3d at 1112-13 (upholding ALJ's decision where activities were susceptible to more than one rational interpretation); *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (same).

Plaintiff also argues that the ALJ failed to provide convincing reasons for rejecting her testimony regarding medication-related drowsiness. (Dkt. #16 at 9-10.) The record reflects otherwise. The ALJ specifically considered Plaintiff's complaints of sleepiness and fatigue but rejected them due to consistent medical reports showing that she was alert, oriented, and exhibited normal attention span. AR at 965. The ALJ also concluded that Plaintiff's reported fatigue was inconsistent with her "rather normal" daily activities. *Id.* Thus, Plaintiff's claim that the ALJ did not properly evaluate her side effects fails to demonstrate harmful error.

Finally, Plaintiff contends that the ALJ wrongly rejected her testimony based on her decision not to seek work in the social services field. (Dkt. #16 at 10.) This mischaracterizes the ALJ's findings. The ALJ discussed Plaintiff's academic success, including her ability to consistently attend classes, complete coursework, and interact with others in a school setting. The ALJ noted that Plaintiff's statements regarding her decision to stay home for childcare instead of seeking work suggested a personal choice rather than an inability to work. AR at 964. While Plaintiff's interpretation of the record may differ, the ALJ's conclusion was rational and supported by substantial evidence. *See Smartt*, 53 F.4th at 499; *Molina*, 674 F.3d at 1111.

In sum, the ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony, and the findings were supported by substantial evidence. Plaintiff's arguments fail to show error

in the ALJ's decision. Although Plaintiff asserts that a different interpretation of the evidence may be possible, that does not suffice to establish error. *Thomas*, 278 F.3d at 954.

### C. The ALJ Did Not Err in Evaluating Lay Witness Evidence

Plaintiff contends that the ALJ erred in evaluating lay witness statements from a social worker, two friends, and a student status report. (Dkt. # 16 at 14-17.) These statements described Plaintiff's anxiety, paranoia, issues with concentration and persistence, and tearfulness. *Compare* AR at 263, 270, 279, 301 (Plaintiff's testimony), *with id.* at 296, 332-36, 343-47 (lay witness statements). However, the lay witness statement did not offer any new information about Plaintiff's limitations that the ALJ had not already addressed. The ALJ thoroughly evaluated Plaintiff's mental symptoms and her academic accommodations, resulting in an RFC that limited Plaintiff to simple work with few changes and limited interactions. Because the ALJ adequately addressed these limitations, rejecting the lay witness statements for similar reasons was appropriate. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (an ALJ may reject lay witness testimony that mirrors properly discredited subjective testimony).

### D. The ALJ Did Not Err in Evaluating Plaintiff's RFC

Plaintiff contends that the ALJ's RFC assessment is deficient because it fails to incorporate all of the challenged evidence. (Dkt. # 16 at 17-18.) This argument does not establish error because the ALJ properly evaluated the evidence, as previously discussed. *See Stubbs-Danielson*, 539 F.3d at 1175-76.

//
//
//
//

## V.       CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 27th day of September, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge